U.S. DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FAZLUR MAHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case Number: 18-cv-08173 |
| v. ) | |
| ) | Judge John Robert Blakey |
| PROSOFT TECHNOLOGY GROUP, INC., ) | |
| and INTELLIPEOPLE, INC. d/b/a ) | Magistrate Judge Susan E. Cox |
| KELLTON TECH SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT PURSUANT TO RULE 12(B)(1) AND RULE 12(B)(6)**

Defendants, Prosoft Technology Group, Inc. ("Prosoft"), and Intellipeople, Inc. ("Intellipeople") (collectively, "Defendants"), hereby move pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Verified Complaint ("Complaint") of Plaintiff Fazlur Mahammad ("Plaintiff") for the following reasons:

1. Count I of the Complaint should be dismissed because Plaintiff has not alleged that he was subjected to the type of serious harm deemed sufficient for a violation of the Trafficking Victims Protection Act, 18 U.S.C. §1589, *et seq*.

2. Count I should also be dismissed because Plaintiff has failed to plead sufficient facts showing that Defendants took steps to force him into providing labor, *i.e*., prevented him from leaving the situation. Plaintiff was lawfully working in the United States pursuant to an H1-B visa and could have left his employment with Defendants to accept new employment at any time during his three-year employment by merely transferring the sponsorship of his H1-B visa.

3. Count I should also be dismissed because Plaintiff's allegations that Defendants sought to enforce a non-compete agreement and subsequently offered Plaintiff a severance package in exchange for a release do sufficiently allege an abuse or threatened abuse of law or legal process in relation to his employment agreement. An employer does not abuse the law or threatened to do so when it prevents its employees from soliciting the employer's clients pursuant to a contractual right to do so. Further, Rule 408 of the Federal Rules of Evidence prohibit the use of settlement terms as alleged evidence of wrongdoing and, therefore, Plaintiff's allegation that Defendants offered him a settlement document is not actionable.

4. Counts I-II should also be dismissed insofar as they rely upon allegations that an H1-B visa employer has failed to comply with the mandates of 20 C.F.R. § 655.731. Such claims must be presented to the United States Department of Labor ("DOL") before private remedies can be pursued in court. Because, Plaintiff has not exhausted his administrative remedies, Counts I and II should be dismissed to the extent they seek to challenge alleged pay practices that are the providence of the DOL.

5. Count II, which seeks the recovery of alleged H1-B visa processing fees, should be dismissed because 20 C.F.R. § 655.731(c)(9)(ii) and 20 C.F.R. § 655.731(d) do not provide a private right of action for the recovery of alleged H1-B visa processing fees until all administrative remedies have been exhausted. Plaintiff has not exhausted these administrative remedies and, therefore, this Honorable Court should dismiss Count II.

WHEREFORE, the foregoing reasons, and those set forth in Defendants' Memorandum of Law filed contemporaneously herewith, this Honorable Court should dismiss Plaintiff's Verified Complaint in its entirety pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: February 19, 2019              Respectfully submitted,

                                                             PROSOFT TECHNOLOGY GROUP, INC.
                                                             AND INTELLIPEOPLE, INC, Defendants

                                                             By:   /s/*Brian K. Jackson*
                                                                    One of their Attorneys

Thomas S. Bradley
Brian K. Jackson
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800 / (312) 467-9479 (fax)
Firm ID: 90243

3

## CERTIFICATE OF SERVICE

I, Brian K. Jackson, an attorney, hereby certify that, on February 19, 2019, filed the foregoing **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT PURSUANT TO RULE 12(B)(1) AND RULE 12(B)(6)** in the above-captioned matter through the Court's electronic filing system, which served a copy of same upon the following interested parties of record:

> Michael G. Holton (*Pro Hac Vice*)
> William H. Fuller, Jr.
> Fuller, Taylor & Holton, PC
> 5478 Carmichael Parkway, Suite D
> Montgomery, Alabama 36117
> gholtonattorney@gmailcom
> bhfuller@att.net
>
> Patrick A. Salvi
> Andrew J. Burkavage
> Salvi, Schostok & Pritchard P.C.
> 161 North Clark Street, Suite 4700
> Chicago, Illinois 60601
> aburkavage@salvilaw.com
> psalvi@salvilaw.com

>> /s/*Brian K. Jackson*
>> Brian K. Jackson