**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| FAZLUR MAHAMMAD, )<br>)<br>    Plaintiff, )<br>vs. )    Case No.:18-cv-08173<br>)<br>PROSOFT TECHNOLOGY GROUP, INC., )<br>KELLTON TECH SOLUTIONS, INC. )    Honorable Judge John Robert Blakey<br>)<br>)<br>    Defendants. ) | |

**FIRST AMENDED CIVIL COMPLAINT**

**NOW COMES**, Plaintiff, FAZLUR MAHAMMAD, by and through the undersigned counsel, complaining of Defendants, PROSOFT TECHNOLOGY GROUP, INC and KELLTON TECH SOLUTIONS, INC., for his First Amended Civil Complaint, states as follows:

**Statement of the Parties**

1. Plaintiff, Fazlur Mahammad, (hereinafter "Plaintiff") is or was, at all times material hereto, an employee of Defendants Prosoft Technology Group, Inc. and / or Kellton Tech Solutions, Inc. and is over the age of nineteen years.

2. Defendant Prosoft Technology Group, Inc. (hereinafter "Prosoft") is headquartered in Illinois and is a registered domestic corporation believed to have offices or affiliations in several states.

3. Defendant Kellton Tech Solutions, Inc. (hereinafter "Kellton") is a foreign corporation registered in the State of Virginia with a registered agent in Virginia and believed to be a publicly traded India Corporation.

4. Upon information and belief, Prosoft is an affiliate, associate and/or subsidiary of the parent corporation, Kellton.

**Statement of Jurisdiction and Venue**

5. This action arises as a civil claim by Plaintiff for the Defendants' violations of the Trafficking Victim's Protection Act (hereinafter "TVPRA") at 18 U.S.C.A. §1589, 1595, et. seq.

6. Subject matter jurisdiction is proper in the United States District Court Northern District of Illinois pursuant to 18 U.S.C.A. § 1595.

7. The Court has personal jurisdiction over Defendants in this matter as they maintain offices in the Northern District of Illinois and transact regular, continuous, and systematic business in the Northern District of Illinois.

8. Venue is proper in the Northern District of Illinois because Defendants transact business in this district and did so at all times material hereto the filing of this Complaint; Venue also is proper in this district because a substantial part of the events or omissions given rise to the claims occurred in this judicial district.

**Relevant Statutory Provisions**

9. Pursuant to 8 U.S.C.A. §1101(a) (15) (H)(1)(b), the H-1B visa category allows U.S. employers to temporarily employ aliens, with specialized knowledge, training, and/or experience, for specialty occupations.

10. Pursuant to 18 U.S.C.A. § 1595, an individual who is a victim of the TVPRA, as defined by 18 U.S.C.A. 1589, may bring a civil action against the perpetrator in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

11. In pertinent part, the civil remedy prescribed in 18 U.S.C.A. § 1595, is available to those victims who are, through the use of force, threats of force, physical restraint, or threats of physical restraint, compelled to perform labor for the financial benefit of another.

**Statement of the Facts**

12. Defendants' acts and or omissions were intentional, willful, wanton and or malicious in violation of the aforementioned statutory provisions of the TVPRA, and more specifically as follows;

13. On or about February of 2015, Defendants recruited Plaintiff from Canada to work for Defendant Prosoft. Plaintiff was hired by Defendants on or about February of 2015 and worked for Defendants, pursuant to his H-1B visa, until his termination on or about June of 2018.

14. Defendants, after hiring Plaintiff, charged Plaintiff for processing his H-1B visa, Labor Conditions Application and green card.

15. On or about March of 2017, Defendants threatened Plaintiff with termination and subsequent revocation of visa and deportation if he did not deposit or send a check in the amount $10,000.00, for his own payroll, to Madhu Gosaia, Human Resource (HR) director in the Defendants' New Jersey location/office.

16. Plaintiff did send the requested amount in a personal check via United States Postal Service as instructed by Defendants' agent, employee, and or representative.

17. On or about May 9, 2017, Plaintiff received an email from Sanjeev Arcot, a representative, employee, and/or agent of Defendants, directing him to deposit monies to another employee's, Rakesh Podupati, bank account in the United States and in India. Plaintiff believed he would be terminated, that he would lose his H-1B visa, and that he would be deported if he did not comply.

18. On or about June 15, 2017 Plaintiff was threatened by Defendant Prosoft agents, employees, and or representatives to pay cash to Raj Gupta or James Tiwari, who were both representatives, employees, and/or agents of Defendants.

19. Defendants failed to compensate Plaintiff for work completed and services rendered in accordance with their employment offer.

20. On or about May 1, 2018 Defendant Kellton, through its legal counsel, told Plaintiff he was terminated and told Plaintiff to immediately return to India.

21. On or about June 6, 2018 Defendants and their legal counsel met with Plaintiff and terminated him for two reasons: (1) there was no work available; and (2) because Plaintiff had complained about wrongdoings within the company. Defendants' legal counsel attempted to coerce Plaintiff to sign a document waiving all grievances and the right to initiate litigation against Defendants. Further, Defendants offered to keep Plaintiff on payroll for purposes of immigration for a period of two months, but that he would not provide any services or be present at the company's locations.

22. Defendants had a "non-compete" agreement that had been signed by Plaintiff. On June 6, 2018, Defendants and their legal counsel informed Plaintiff that if he did not sign the separation agreement, Defendants intended to fully enforce the non-compete clause. Such action is inherently coercive, overreaching and restrains Plaintiff from seeking other employment. Defendants' willingness to waive a non-compete agreement in exchange for absolving liability illustrates the true purpose of the "non-compete" clause as a coercion device against Plaintiff.

23. Defendants failed to reimburse Plaintiff for employment related travel expenses from 2015 until 2018. Plaintiff's travel expenses were eventually paid albeit only after Plaintiff had to expend money to hire counsel for said reimbursement of travel expenses.

24. As a result of Defendants unlawful employment practices, Plaintiff has suffered emotional distress, mental anguish, loss of wages, threatened legal process, and abuse of legal process.

25. Defendants regularly used the threats of deportation or visa revocation as against Plaintiff whereby Defendants threatened numerous times for Plaintiff to deposit monies into an account as directed by Defendants their agents, representatives, and or employees to in turn compensate Plaintiff for his work. In other words, Plaintiff was forced to pay his own employment compensation. These threats occurred over a period of time between on or about October 2015 through and until his termination in 2018 and individual deposits made by Plaintiff were usually in the amount of approximately $3,300.00.

26. Defendants, knowing that Plaintiff would become unlawfully present in the United States if they withdrew the H-1B petition, took advantage of their sponsorship of Plaintiff by the numerous threats of deportation and revocation of Plaintiff's visa if he did not deposit or pay monies as directed by Defendants.

27. Plaintiff has lost, and will continue to lose, accurate compensation and benefits of employment as a direct and proximate result of Defendants violations of the TVPRA, and Plaintiff has and will continue to suffer emotional pain, humiliation, embarrassment, mental anguish and loss of enjoyment of life.

**COUNT I**
**Violations of the Trafficking Victims Protection Act**
**18 U.S.C.A. §1589 (a)(1-4), (b), and (c)**

28. Plaintiff re-alleges and hereby incorporates and re-iterates all preceding paragraphs as if fully set out herein.


29. Defendants hired Plaintiff to perform services for Defendants' clients involving information technology skills and obtained labor or services from Plaintiff for Defendants' financial benefit.

30. Defendants, by and through its agents, employees, and/or representatives, threatened Plaintiff with termination, revocation of his visa, and subsequent deportation if he did not engage in Defendants unlawful employment scheme that included, but is not limited to, paying his own compensation and making periodic payments to Defendants' agents, employees, and/or representatives.

31. At all times material hereto, Defendants knew or reasonably should have known that their threats as against Plaintiff's legal status as a non-immigrant visa holder were in violation of 18 U.S.C.A. §1589.

32. Due to the Defendants' constant demands to make cash deposits, the threats of deportation, and the constant fear of losing his immigration status, the Plaintiff could not voluntarily terminate his employment with Defendants, resulting in involuntary servitude by the Defendants through their nonphysical force and coercion.

33. At all times material hereto, Defendants, by means of threats, of serious harm, and/or of the abuse or threatened abuse of law or legal process, knowingly obtained the labor of Plaintiff, in violation of 18 U.S.C.A. § 1589.

34. At all times material hereto, Defendants knew or reasonably should have known that their threats as against Plaintiff's legal status as a non-immigrant visa holder were in violation of 18 U.S.C.A. §1589.

35. As a direct and proximate result of Defendants reprehensible, negligent, grossly negligent, and or wanton conduct in violation of 18 U.S.C.A. §1589, Plaintiff has been caused

to suffer threatened abuse of legal process, emotional distress, mental anguish, loss of wages, loss of personal money.

**WHEREFORE** Plaintiff demands judgment against all Defendants, jointly and severally, for actual, compensatory, exemplary, and punitive damages plus attorney fees and costs of litigation, in excess of $75,000.00, to be determined by a jury.

## COUNT II
### Fraudulent Misrepresentation

36. Plaintiff re-alleges, repeats, and re-iterates all prior paragraphs of this Complaint as if fully set out herein.

37. Defendants recruited Plaintiff to relocate to the United States by making an employment offer to Plaintiff as an employee of Defendants.

38. On or about February of 2015 Defendants engaged the employment of Plaintiff for a salary of $3,333.00 bi/weekly ($80,000.00 per year).

39. Plaintiff remained employed with Defendants until his termination in 2018.

40. From the commencement of Plaintiff's employment, Defendants falsely represented to Plaintiff that he would be compensated for his work.

41. At all times material hereto and ongoing until Plaintiff's termination, Defendants intentionally misrepresented to Plaintiff that he would be paid according to the $3,333.00 bi/weekly offer.

42. Defendants knew that any representations made to the Plaintiff regarding the aforementioned salary were false.

43. Defendants' false representations regarding Plaintiff's salary were made for the purpose of inducing Plaintiff into accept the terms of employment.

44. Plaintiff relied upon the statements made by Defendants regarding the aforementioned salary in accepting his employment with position with Defendants.

45. At all times material hereto Defendants knowingly, intentionally, fraudulently, willfully, and or maliciously did not pay Plaintiff the represented salary.

46. As a proximate result of Defendant acts and or omissions of fraudulently inducing Plaintiff to their employ caused Plaintiff to suffer economic and emotional hardship and distress.

**WHEREFORE**, Plaintiff demands judgment as against Defendants for compensatory, actual and punitive damages in an amount exceeding the minimum jurisdictional amount of this Honorable Court and deemed fair, just and reasonable by a jury.

**RESPECTFULLY SUBMITTED** this the 21st day of March, 2019.

    Respectfully Submitted,

    By:   /s Andrew J. Burkavage
    One of the Attorneys for the Plaintiffs

Patrick A. Salvi (Illinois ARDC #3122090)
Andrew J. Burkavage (Illinois ARDC #6308669)
SALVI, SCHOSTOK & PRITCHARD P.C.
161 North Clark Street, Suite 4700
Chicago, IL 60601
312-372-1227

/s/Michael Guy Holton
Michael Guy Holton (HOL106)
/s/William H. Fuller
William H. Fuller (FUL026)
Pro Hac Vice Counsel for Plaintiff
FULLER, TAYLOR & HOLTON, P.C.
5748 Carmichael Prky., Ste. D
Montgomery, AL 36117
(334)244-0447